**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

October 1, 2021

LETTER TO COUNSEL

    RE:    *Kirstian C. v. Commissioner, Social Security Administration*
             Civil No. SAG-20-2306

Dear Counsel:

    On August 10, 2020, Plaintiff Kirstian C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 12, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

    Plaintiff filed her claim for Disability Insurance benefits on December 27, 2016, and for Supplemental Security Income on January 26, 2017, alleging a disability onset date of May 14, 2012. Tr. 201-210. Her claims were denied initially and on reconsideration. Tr. 86, 96, 107, 117. A hearing was held on June 10, 2019, before an Administrative Law Judge ("ALJ"). Tr. 49-76. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 29-48. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

    The ALJ found that Plaintiff suffered from the severe impairments of "right shoulder arthritis, impingement syndrome, adhesive capsulitis, brachial plexus palsy, rotator cuff tendinosis status post arthroscopic subacromial decompression and extensive debridement in January 2013; cervical spine strain; thoracic spine degenerative dis[c] disease; sciatica; cholecystitis status post laparoscopic cholecystectomy in March 2017; dilated pancreatitic duct status post pancreatic stent placement; and obesity." Tr. 35. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could only: occasionally lift and/or carry 20 pounds with the non-dominant left upper extremity and 5 pounds with the dominant right upper extremity; frequently

*Kirstian C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2306
October 1, 2021
Page 2

> lift and/or carry 10 pounds with the non-dominant left upper extremity and 5 pounds with the dominant right upper extremity; and frequently push and/or pull and never reach overhead with the dominant right upper extremity. She requires the ability to periodically alternate between sitting and standing at irregular intervals but with the understanding that she would still be capable of remaining on task sufficiently to maintain satisfactory productivity levels.

Tr. 36-37. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work as a cook or cook supervisor, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 40-42. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 42.

Plaintiff raises four arguments on appeal, specifically that the ALJ erroneously: (1) failed to properly consider the Maryland Worker's Compensation Commission's disability determination; (2) failed to adequately perform the RFC; (3) failed to properly consider the extent of the activities of daily living that Plaintiff could perform; and (4) refused to permit Plaintiff to review the materials relied on by the VE. ECF No. 12-1.

First, Plaintiff argues remand is necessary because the ALJ failed to accord Plaintiff's disability rating from the Maryland Worker's Compensation Commission the necessary level of review. *Id.* at 2-5. Social Security Ruling ("SSR") 06-03p states that "a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that you are disabled or blind is not binding on [the SSA]. . . . However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies. Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). While this SSR has been rescinded, "ALJs are still required to use these rules for claims filed before March 27, 2017," as is the case here. *Diane B. v. Comm'r, SSA*, No. BPG-18-703, 2019 WL 233153, at *3 (D. Md. Jan. 16, 2019) (citing HALLEX I-5-3-30, 2017 WL 1362776, at *5 (2017)).

Here, the ALJ addressed Plaintiff's disability rating in a short paragraph in the RFC: "Additionally, although [Plaintiff] has a 28% disabled rating from the Maryland Worker's Compensation Commission, [SSA] has its own standards for evaluating a claimant's disability. As SSA rules are different than those used by other governmental agencies, decisions by other agencies are neither inherently valuable [n]or persuasive . . . ." Tr. at 40. Yet, as cited by Plaintiff, the Fourth Circuit has determined that, pursuant to SSR 06-03p, "another agency's disability determination 'cannot be ignored and must be considered.'" *Bird v. Comm'r*, 699 F.3d 337, 343 (4th Cir. 2012); *see also DeLoatche v. Heckler*, 715 F.2d 148, 150 n.1 (4th Cir. 1983) ("[T]he disability determination of a state agency is entitled to consideration by [SSA]."). In this case, it appears that the ALJ discounts the Maryland Worker's Compensation Commission determination solely because it is not an SSA determination, in contradiction to SSR 06-03p's explicit requirement to consider the disability determinations of other agencies.

*Kirstian C. v. Commissioner, Social Security Administration*
Civil No. SAG-20-2306
October 1, 2021
Page 3

      Additionally, the Fourth Circuit determined that if another agency's disability determination has a "purpose and methodology" that is "closely related" to that of an SSA disability determination, the agency's determination must be given substantial weight. *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018). The ALJ's opinion is devoid of any explanation as to whether or not the Maryland Worker's Compensation Commission's determination is "closely related" to the SSA's determination. "[T]he point of this requirement . . . is [because] the ALJ must adequately explain his reasoning; otherwise, [the court] cannot engage in a meaningful review." *Id.* at 692-93. Due to the ALJ's failure to consider the Maryland Worker's Compensation Commission, and to determine whether this Commission's purpose and methodology is closely related to the SSA's purpose and methodology, I am unable to determine that the ALJ's decision is supported by substantial evidence.

      Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the ALJ's failure to: (1) adequately perform the RFC; (2) properly consider the extent of the activities of daily living that Plaintiff can perform; and (3) permit Plaintiff to review the materials relied on by the VE. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

      For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 12, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 13, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

      Sincerely yours,

      /s/
      Stephanie A. Gallagher
      United States District Judge